F64LCRUC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                           15 CR 338 (KTD)

JON CRUZ,

             Defendant.

------------------------------x

                                 New York, N.Y.
                                 June 4, 2015
                                 2:48 p.m.

Before:

                HON. KEVIN THOMAS DUFFY,

                           District Judge

                    APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
SHAWN CROWLEY
    Assistant United States Attorney

STEVE ZISSOU
    Attorney for Defendant

F64LCRUC

(Case called)

THE COURT:  I understand the defendant has yet to be arraigned; is that correct?

MR. ZISSOU:  That's correct, your Honor.

THE COURT:  Jon Cruz, how old are you?

THE DEFENDANT:  Thirty-one.

THE COURT:  How far did you go in school?

THE DEFENDANT:  I have a master's degree.

THE COURT:  Master's degree.

You received or have you received -- let's put it that way -- a copy of an indictment which is -- they don't number the pages -- quite long, a document marked an indictment containing 11 counts charging you with various crimes.  Have you received it, sir?

THE DEFENDANT:  I have, your Honor.

THE COURT:  Do you want me to read it to you?

THE DEFENDANT:  No, your Honor.

THE COURT:  Now, do you wish to enter a plea of guilty or not guilty right now?

THE DEFENDANT:  I plead not guilty, your Honor.

THE COURT:  Okay.  Fine.

Now I think we have a set a date for things, but let's hold on until we're toward the end of this thing and find out more about it.

I see that the defendant is presently released under a

F64LCRUC

bunch of conditions; is that correct?

MS. CROWLEY:  That is correct, your Honor.

THE COURT:  Is the government willing to continue that?

MS. CROWLEY:  Yes, we would, your Honor.

THE COURT:  Defense object?

MR. ZISSOU:  We are not objecting to continuing the conditions of release, Judge.

THE COURT:  Okay.  So the question of discovery and so on and so forth, what do you have to do?

MS. CROWLEY:  Yes, your Honor.  Discovery in this case is quite voluminous.  It consists of a hard drive of the defendant's computer, along with the contents of four cell phones, various search warrants of social media accounts and the returns of those search warrants, other computer related documents, including IP records, cell site records.

THE COURT:  Wait a minute.  Are they all in computer language presently?

MS. CROWLEY:  No, your Honor.

THE COURT:  Did you reduce them to this kind of stuff?

MS. CROWLEY:  They're not on paper yet.  And because of the nature of some of the computer records, they are not something that can be actually produced physically to the defendant.  The defendant and counsel will need to schedule time to come to the FBI offices and review that discovery

F64LCRUC

there.

THE COURT:  What is it that you can't print?  I don't know.

MS. CROWLEY:  Oh.

THE COURT:  I'm fairly illiterate as far as computers are concerned.  I don't worry about it because the Court of Appeals doesn't know either.

MS. CROWLEY:  I don't know much either, but luckily the agents do.  We can't print and release images containing child pornography.

THE COURT:  Oh, okay.  You're saying child pornography.

MS. CROWLEY:  Yes.

THE COURT:  And they're presently in code?

MS. CROWLEY:  They're presently viewable on a computer screen.

THE COURT:  Okay.  All right.  What else?

MS. CROWLEY:  So in addition --

THE COURT:  How long do you think it will take for someone to sit down and take a look at all this stuff?

MS. CROWLEY:  I think that we'll begin producing it on a rolling basis and what we can produce, we will produce immediately.  I think that to give us time to coordinate with the defense a discovery schedule, I think that a month to six weeks would be safe for a deadline for the government to

F64LCRUC

produce discovery.

THE COURT:  All right.  How about it?  Can you do it in a month, do you think, or do you know?

MR. ZISSOU:  We really don't know.  I think once we get it all, once we start to go down to the FBI offices, then we'll have a better idea.  Part of the difficulty is it's not just the images that they can't produce.  But ordinarily in a case involving computer hard drives, the government would duplicate the hard drive and turn it over to the defense.  They can't do that in this case.  We have to actually go down and analyze the hard drives ourself.

So what we had discussed is a further status conference in September, if that is not too far off from your Honor.  I think by then we'll have a better understanding not only of our ability to go through the material, but also whether or not there is going to be a resolution of this case.

When I say that, I should point out that the parties have been working diligently and professionally together. There have been lots of experts involved in the case.  So we've been able to put some points on the board along the way.  So if your Honor is inclined to grant that application, we certainly think September.

THE COURT:  I don't see why not.  This is at the request of the defense?

MR. ZISSOU:  Yes.

F64LCRUC

THE COURT:  And what section of the Speedy Trial Act? Which I pay no attention to anyway.

MS. CROWLEY:  I believe it's 18 U.S.C. 3161(h)(7)(A).

THE COURT:  When it's requested by the defense?

MS. CROWLEY:  It's on motion of either of the parties or the Court's own motion.

THE COURT:  I don't care.

MS. CROWLEY:  Okay.

MR. ZISSOU:  I think we concede, even though we haven't discussed it yet, that this is an extremely complex case and time will be excluded under the Speedy Trial Act in any event.

THE COURT:  Okay.  Fine.  Once we get the case in shape, we're going to try it or dispose of it, all right.

MR. ZISSOU:  I beg your pardon?

THE COURT:  I said once we get the case in shape for trial, we're going to try it or dispose of it.  We're not going to have it hanging around.

MR. ZISSOU:  Understood.

THE COURT:  All right.  One of the bad things for the courts always is when an old judge takes cases and then dies and sticks some new guy with all the problems that the first guy created.  I don't want to be that way.  I want to get rid of them as soon as they come in.  I'm not planning on dying either but God knows.

F64LCRUC

Anyway, anything else?

MS. CROWLEY:  Nothing from the government, your Honor. We just ask that a conference date be set for sometime in September.

THE COURT:  We'll do that in just a minute.

MS. CROWLEY:  Okay.

MR. ZISSOU:  No, your Honor.

THE COURT:  Madam clerk, what do we have for a date?

THE DEPUTY CLERK:  September 9.

THE COURT:  September 9.  Why don't we make it September 23.  What time?

MR. ZISSOU:  Preferably around 11 would be a fair time for us.

THE COURT:  All right.  Fine.  11 o'clock it is.

Anything else?

MS. CROWLEY:  We just move to exclude time between now and September 23.

THE COURT:  I thought we worked that out before.  You gave me all those numbers.

MS. CROWLEY:  Just making sure.

THE COURT:  Time is excluded.

Anything else?  No?

MR. ZISSOU:  No, your Honor.  Thank you for your courtesy.

MS. CROWLEY:  Thank you, your Honor.