G9N9CRUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v.                          15 CR 338 (PKC)

JON CRUZ,

                Defendant.

------------------------------x

                                        New York, N.Y.
                                        September 23, 2016
                                        12:30 p.m.


Before:

                    HON. P. KEVIN CASTEL

                                        District Judge


                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SHAWN G. CROWLEY
     Assistant United States Attorney

STEVE ZISSOU & ASSOCIATES
     Attorneys for Defendant
STEVE ZISSOU

COLSON LAW PLLC
     Attorneys for Defendant
DEBORAH A. COLSON

G9N9CRUP

(In open court; case called)

MS. CROWLEY:  Good afternoon, your Honor.

Shawn Crowley for the government.  Joining me at counsel table with the Court's permission is Special Agent Aaron Spivack of the FBI.

THE COURT:  Good to see you both.

For the defendant.

MR. ZISSOU:  Mr. Cruz is represented by Steve Zissou. I'm also joined by cocounsel Deborah Colson.

Judge, if I might, I would be remiss if I just didn't point out the many supporters in the courtroom that have been here and have been supporting Mr. Cruz throughout his arrest and prosecution in this case.

THE COURT:  All right.

Mr. Cruz, I've been advised that you wish to enter a plea of guilty to Count Two of the indictment; is that correct, sir?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You can sit back and I'll be able to hear you just fine.

Before I accept a guilty plea from you I must satisfy myself that you understand the rights you would have if this case went to trial and the rights you're giving up by pleading guilty.  Also, I must be satisfied that there's a factual basis for the plea of guilty and that you understand the consequences

G9N9CRUP

of the plea of guilty.

So in a moment I'm going to have you placed under oath. I'm going to ask you certain questions, inform you of certain rights. And if I ask you something or I tell you something and you don't quite understand, please let me know and I'll put it into different words.

Also, if at any point in this proceeding you wish to speak in private with your attorney, I will give you the opportunity to do that.

Do you understand all of that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Please stand and the clerk will administer the oath.

(Defendant sworn)

Mr. Cruz, how old are you?

THE DEFENDANT: I'm 33.

THE COURT: How far did you go in school?

THE DEFENDANT: I have a master's degree.

THE COURT: In what subject?

THE DEFENDANT: I have bachelor's degree in history and a master's degree in social studies education.

THE COURT: And are you now or have you recently been under the care of a medical doctor?

THE DEFENDANT: Other than my psychopharmacologist, no.

G9N9CRUP

THE COURT:  Other than your?

THE DEFENDANT:  Psychopharmacologist.

THE COURT:  That leads to my next question.  Have you ever been treated for mental illness?

THE DEFENDANT:  Yes.

THE COURT:  When did you begin such treatment?

THE DEFENDANT:  With my current psychopharmacologist shortly after my arrest.

THE COURT:  No.  I'm asking when did you first consult with a mental health professional.

THE DEFENDANT:  Five years prior to my arrest I was in psychoanalysis.  For those five years.  Then I began a new course of treatment after my arrest.

THE COURT:  All right.  And do you presently take any medications?

THE DEFENDANT:  Yes.

THE COURT:  And what medications do you take?

THE DEFENDANT:  I've been prescribed Citalopram which is an SSRI which has been helping me with my obsessive compulsive disorder and anxiety.

THE COURT:  Any other medications?

THE DEFENDANT:  That's it.

THE COURT:  How does the medication which you described, the SSRI, affect the clarity of your thinking?

THE DEFENDANT:  I would say it improves the clarity of

G9N9CRUP

my thinking actually.

THE COURT:  And have you ever been addicted to any substance:  Alcohol, marijuana, cocaine, prescription medications, anything?

THE DEFENDANT:  No.

THE COURT:  How do you feel today health-wise?

THE DEFENDANT:  All things considered, I feel all right.

THE COURT:  And is your mind clear today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand what's happening?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Does defense counsel have any doubts as to the defendant's competence to plead?

MR. ZISSOU:  No, your Honor.

THE COURT:  Based upon my observations and the responses to my questions, I find that Mr. Cruz is fully competent to enter an informed plea.

Now, have you discussed the charges against you with your lawyers?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you had enough time to consider all of your options in this case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you satisfied with your lawyers'

G9N9CRUP

representation of you?

THE DEFENDANT:  Very much so, your Honor.

THE COURT:  All right.

I'm now going to explain to you the rights that you would have if this case went to trial and the rights you'd be giving up by pleading guilty.

Under the Constitution and laws of the United States you're entitled to a speedy and public trial by an impartial jury on the charges contained in the indictment.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a trial you would not have to prove you were innocent.  The government would be required to prove each element of the crime by proof beyond a reasonable doubt.  You would be presumed to be innocent of the charges. And before you could be found guilty a jury of twelve people would have to agree unanimously that you were guilty.

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a trial, the witnesses for the government would have to come to court to testify.  You would be able to see and hear them.  Your lawyer could question them through cross-examination.  Your lawyer could object to evidence offered by the government.  Your lawyer could present evidence and could ask the Court to compel witnesses to appear

G9N9CRUP

at trial on your behalf.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a trial, you would have the right to testify if you chose to do so.  You could come up here and take the witness stand.  Also, you would have the right not to testify and no one would be permitted to draw any inference or suggestion of guilt from the fact that you decided not to testify.

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a trial and the jury found you guilty, you would have the right to appeal that finding.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And if there were a trial, at every stage of your case you'd be entitled to be represented by a lawyer and if you could not afford a lawyer one would be appointed at public expense.

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, those are the rights you would have if you went to trial.  If I accept a guilty plea from you there will be no trial.  You will proceed to the sentencing phase in which the Court will determine the punishment to be imposed on

G9N9CRUP

you.  Now, throughout this process you'll be entitled to be represented by counsel.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Even now you have the right to change your mind.  Instead of pleading guilty, you may plead not guilty and go to trial.

Do you wish to plead not guilty and go to trial?

THE DEFENDANT:  No, your Honor.

THE COURT:  Do you understand that in Count Two of the indictment the charge you've offered to plead guilty to charges you with receiving material that contained child pornography in or about December 2014.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that that charge carries a maximum term of imprisonment of 20 years; a mandatory minimum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than yourself resulting from the offense, and a one hundred dollar mandatory special assessment?

In addition to that, the Court must order restitution.

Do you understand all that?

G9N9CRUP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, with respect to supervised release, there are terms and conditions attached to it.  And if you do not live up to the terms of supervised release you can be returned to prison for the full period of supervised release.  So say you receive a prison term to be followed by a term of three years supervised release.  You've completed the prison term and you're now on supervised release.  And you live up to the terms of supervised release for two years but then you violate one of the terms, you can be returned to prison for a full period of three years.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you a U.S. citizen?

THE DEFENDANT:  I am, your Honor.

THE COURT:  All right.  Among the consequences of pleading guilty is that you give up valuable civil rights such as the right to vote, to hold public office, to sit on a jury, to hold certain licenses, to possess a firearm, and to receive certain government benefits.

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you serving any other sentence, state or federal, or being prosecuted in state court for any crime?

THE DEFENDANT:  No, your Honor.

G9N9CRUP

THE COURT:  In sentencing you, I will receive a presentence report prepared by the office of probation that gives me background information and a recommended range of sentence under the sentencing guidelines.  After speaking with and hearing from your lawyer and from the government, I will make my own determination of the correct guideline range that applies in your case.  Even after determining the correct guideline range, I need not follow it and can sentence you all the way up to the statutory maximum.  The guidelines are advisory and they are one of the factors that I take account of in sentencing decision.  And in making a sentencing decision, I am guided by a statute which is commonly known as Section 3553(a).

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, I understand there's been a plea agreement between you and the government and it's reflected on a six-page letter, on the letterhead of the Department of Justice, and bearing the date of September 23, 2016.

I'm going to ask the clerk to place that in front of you.

Is that your plea agreement with the government?  Take a look at it.

THE DEFENDANT:  It is, your Honor.

THE COURT:  Take a look at the last page and tell me

if that's your signature.

THE DEFENDANT:  That is my signature, your Honor.

THE COURT:  Did you read it before you signed it?

THE DEFENDANT:  I did, your Honor.

THE COURT:  Did you discuss it with your lawyer before you signed it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you understand it before you signed it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has anyone threatened you or forced you in any way to enter into the plea agreement or to plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone given you anything of value or made any promises to you to get you to enter into the plea agreement or to plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Does the plea agreement contain all of your understandings with the government?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right.  I want you to know that any prediction, calculation, or estimate that anyone has made to you of what sentence I may give you, even a prediction by your own lawyer, is not binding on the Court and you will not be permitted to withdraw your guilty plea if it turns out to be

G9N9CRUP

wrong.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, one of the features of your plea agreement is that you and the government have agreed on a stipulated guideline range in this case.  And that stipulated guideline range is 135 months to 168 months imprisonment; is that correct, sir.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you understand that there is a mandatory minimum term of 60 months imprisonment.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In other words, the Court under no circumstances could give you a sentence below 60 months.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now that stipulated guideline range of 135 to 168 months imprisonment is binding on you and it's binding on the government.  But it's not binding on the Court.  As I told you before, I have my own obligation to determine the correct guideline range in this case.  Even after determining the correct guideline range, I need not follow it and can sentence you all the way up to the statutory maximum as I told you before.

G9N9CRUP

One of the features of the plea agreement is that if I should sentence you to within that stipulated guideline range or above that range, the government has agreed not to appeal. But you have also agreed that if I sentence you within the stipulated guideline range of 135 to 168 months imprisonment or below that range, that you will not appeal or attack the sentence. You have waived your right to appeal or collaterally attack the sentence unless the sentence is above the top of the guideline range and in that event the law will only allow you to appeal on the basis that the sentence is unreasonable or contrary to law.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Let me hear from the government. What are the elements of the crime and what, in summary, would be the government's proof if the case went to trial?

MS. CROWLEY: Yes, your Honor.

There are five elements to the crime charged in Count Two of the indictment. First, that the defendant knowingly received a visual depiction in interstate commerce by any means including computer; second, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; third, that such visual depiction was of a minor engaged in sexually explicit conduct; fourth, that the defendant knew that such visual depiction was of sexually

G9N9CRUP

explicit conduct; and finally that the defendant knew that at least one of the people engaged in the sexually explicit conduct was a minor.

Your Honor, had this case proceeded to trial the government's proof would consist largely of phone and computer evidence including social media, telephone, and mobile application chats between the defendant and at least five minor victims, including the contents of the chat and photographs and videos received.

In addition, your Honor, the government's case would include witness testimony, including that from the minor victims, and the defendant's postarrest recorded statement.

THE COURT:  Thank you.  Could I ask the agent to move the chair a little bit over.  Thank you very much.

Mr. Cruz, please tell me in your own words what you did that leads you to believe that you are guilty of the crime charged.

THE DEFENDANT:  Your Honor, in or about December of 2014 I knowingly engaged in chat communications using a mobile cellular device with a teenage male.  Some of these communications contained sexually explicit photographs that displayed his genitals.  At the time that I was chatting with this individual I knew that he was a minor.  I received these photographs within the Southern District of New York.

THE COURT:  Did you know what you were doing was wrong

G9N9CRUP

and unlawful?

THE DEFENDANT:  I did, your Honor.

THE COURT:  Does the government agree there's a sufficient factual predicate for a plea of guilty?

MS. CROWLEY:  Yes, your Honor.

THE COURT:  Does defense counsel agree?

MR. ZISSOU:  I do, your Honor.

THE COURT:  Are you aware of any valid defense that would likely prevail at trial or any other reason why your client should not be permitted to plead guilty?

MR. ZISSOU:  I'm not aware of any such defense.

THE COURT:  All right.

Mr. Cruz, do you have any questions for me?

THE DEFENDANT:  No, your Honor.

THE COURT:  With regard to Count Two of the indictment, how do you plead, guilty or not guilty?

THE DEFENDANT:  Guilty, your Honor.

THE COURT:  Based upon your responses to my questions and my observations, I find that you know your rights, you know the consequences of pleading guilty, and there's a factual basis for the plea of guilty.  Your plea of guilty is accepted.

Further, I find that the plea agreement was knowingly and voluntarily entered into, including specifically the provisions waiving the right to appeal or collaterally attack sentence under certain circumstances.

G9N9CRUP

I will order a presentence investigation and report and direct that no interview of you take place unless your counsel is present.

It's important that you be candid, truthful, and honest with the people who prepare the presentence report. Tell them the good things and the not so good things. The report will be important in my decision on sentencing.

Before the day of sentencing you will have the opportunity to review that report. I urge you to do so carefully. If there are any mistakes, point them out to your lawyer so that he can point them out to me.

Sentencing in this case is set for January 27, 2017 at 11:30 a.m.

Mr. Cruz, you must be here on January 27, the date of sentencing, at 11:30 a.m. or you will be guilty of the crime of bail jumping and subject to a sentence of five years imprisonment and a $250,000 fine in addition to the sentence you will receive for the crime to which you have entered a plea of guilty.

Let me hear the government on the issue of bail pending sentencing versus remand.

MS. CROWLEY: Your Honor, as your Honor is aware remand upon the acceptance of a guilty plea involving this kind of offense is mandatory under the statute.

THE COURT: Let me hear from defense counsel.

G9N9CRUP

MR. ZISSOU:  Judge, Mr. Cruz is actually prepared to commence service of the sentence.  It's been 18 months.  He's gotten a lot of treatment, a lot of support from his family, but we all agree that it's time for him to start serving some of this sentence.  However, I do respectfully request that the surrender be stayed until Monday.  The reason for that is simply when he was arrested because of the notoriety of the case he was placed in solitary for his own -- for his own safety.  That went on for about a week before he was released by Judge Woods.  It's my understanding if he surrenders on Monday facilities will be full staffed and they will be better able to assess where he should go.  So I'd simply ask that he be permitted to surrender on Monday.

THE COURT:  As reasonable as that sounds, that application is denied.  I have found that, yes, that it is often an issue of not just, not nearly accommodation for a brief period, but also the safety of the individual.  And so in my judgment it is prudent not to delay the surrender.  So the defendant is remanded and the marshals will take him at this time.

MR. ZISSOU:  Judge, I have one other application with regard to that.  I have discussed this with the marshals in this district and the marshals have no objection to Mr. Cruz being sent to the Metropolitan Detention Center instead of the MCC.  I think -- it's my understanding they're going to do it

G9N9CRUP

if the court has no objection or is inclined to recommend it that might help them along. The reason for that is there is a unit there that is set up to include people who might be vulnerable while in jail and we're hoping to get him there and if the court has no objection.

THE COURT: I have no objection and, in fact, I was not aware of the unit but I'll recommend it and that's fine.

MR. ZISSOU: Thank you, your Honor.

And finally, if I might, Judge, Mr. Cruz would just like to read a brief statement if it's permissible to the Court. If your Honor has -- it's very short. May he do so?

THE COURT: He may do so.

THE DEFENDANT: Thank you, your Honor.

I just want to say to my family and my friends and my former students who are here and to my victims and that I am very, very sorry.

MR. ZISSOU: That's it.

THE COURT: Thank you.

Anything further from the government?

MS. CROWLEY: No. Thank you, your Honor.

THE COURT: All right. One moment, please.

For the record, I passed out Court Exhibit 1 to or I showed Court Exhibit 1 to both sides.

Thank you. We are adjourned.

                    (Adjourned)